**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Shelly Boldon,**<br><br>　　　　　**Plaintiff,**<br><br>**v.**<br><br>**Messerli & Kramer, P.A.,**<br><br>　　　　　**Defendant.** | **Case No. 14-cv-2035 (DWF/HB)**<br><br><br>**REPORT AND RECOMMENDATION** |

Shelly Boldon, pro se

Bradley R. Armstrong and Derrick N. Weber, Messerli & Kramer, P.A., 3033 Campus Drive, Suite 250, Plymouth, MN 55441, for Messerli & Kramer, P.A.

HILDY BOWBEER, United States Magistrate Judge

　　　This matter is before the Court on Defendant Messerli & Kramer, P.A.'s Motion to Dismiss [Doc. No. 7].  The motion was referred to the undersigned by the Honorable Donovan W. Frank, United States District Judge, in an Order of Reference dated September 8, 2014 [Doc. No. 14].  For the reasons set forth below, the Court recommends that the motion be granted, but that Plaintiff Shelly Boldon be given thirty days from the date of the District Court's order on the Motion to Dismiss to file an amended complaint.  If Boldon does not file an amended complaint within the thirty-day period, the Court recommends that all claims be dismissed with prejudice and judgment entered accordingly.

**I.      Background**

Shelly Boldon initiated this action on June 20, 2014, by filing a Complaint [Doc. No. 1]. Essentially, she alleges that Defendant Messerli & Kramer, P.A., breached a settlement agreement and violated the Fair Debt Collection Practices Act (FDCPA) in several respects. Boldon is representing herself in this matter.

**A.      Allegations in the Complaint**

The relevant facts alleged in the Complaint are as follows.[1] Messerli is a debt collector. (Compl. ¶ 9.) On August 23, 2010, Messerli served two state court complaints on Boldon "regard[ing] accounts allegedly owed by Plaintiff to the entity Central Prairie Financial, LLC." (*Id.* ¶ 13.)[2] The two debts were related to accounts with the terminal digits 2324 and 6913. (*Id.* ¶ 14.) Boldon answered both complaints on September 10, 2010. (*Id.* ¶ 15.) The Complaint does not allege whether the state court complaints were ever filed.

On November 3, 2011, Boldon filed suit against Messerli in the District of Minnesota, alleging several violations of the FDCPA. (*Id.* ¶ 10.) The case was docketed as No. 11-cv-3246 (SRN/SER). (*Id.*) Boldon alleged in that action that Messerli withdrew money from her bank account without her authorization, disclosed her private financial information to third parties, and breached the terms of a payment agreement for

---

[1] Generally, in considering a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), as Messerli does here, the Court considers only the facts alleged in the Complaint.

[2] The Complaint does not aver whether Messerli filed the state court complaints as the attorney for Central Prairie or in some other capacity.

a debt. (*Id.*) Boldon does not aver in her Complaint in the instant case whether the FDCPA violations alleged in her 2011 federal court action involved the specific debts that were the subject of the state court complaints served on her by Messerli in 2010. Boldon and Messerli settled the 2011 case on February 14, 2012. (*Id.* ¶ 12.) One of the terms of the settlement agreement was "a general release encompassing all claims that were in existence between the parties or were within their contemplation when the release was executed." (*Id.*) After the February 14, 2012, settlement, Messerli took no further action on the state court complaints. (*Id.* ¶ 16.)

On July 29, 2013, Messerli filed a complaint against Boldon in Dakota County District Court, seeking payment of a debt allegedly owed to Central Prairie and related to the account ending in 6913. (*Id.* ¶ 17.) The case was docketed as No. 19HA-CV-13-3311. (*Id.*) The affidavit of service stated that the summons and complaint were served on Boldon on August 23, 2010. (*Id.* ¶ 18.) Messerli filed a second action in Dakota County District Court on August 8, 2013, seeking payment of a second debt allegedly owed to Central Prairie and related to the 2324 account. (*Id.* ¶ 19.) That case was docketed as No. 19HA-CV-13-3465. (*Id.*) The affidavit of service for this action also stated that the summons and complaint were served on Boldon on August 23, 2010. (*Id.* ¶ 20.)

Boldon's first claim against Messerli is for breach of contract. She contends that the state court actions filed by Messerli in July and August 2013 were based on events

that occurred before the parties entered into the February 14, 2012, settlement agreement, and were thus barred by the general release provision.  (*Id.* ¶¶ 21, 22, 24.)

Boldon's second claim asserts several violations of the FDCPA.  She alleges that Messerli violated the FDCPA by (1) filing the state court actions in an attempt to collect two debts that had already been discharged; (2) performing credit inquiries on January 9, 2013, and April 19, 2013, despite having no new claim against her; (3) contacting her directly on August 28, 2013, despite knowing she was represented by an attorney; and (4) failing to comply with levy and garnishment procedures.  (*Id.* ¶¶ 25-28.)  Based on this alleged conduct, Boldon accuses Messerli of making false, deceptive, and misleading representations, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10); and of unlawfully attempting to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1).  (*Id.* ¶¶ 29, 30.)  In addition to these direct claims against Messerli, Boldon also avers that Messerli is liable under a respondeat superior theory for the actions of "other debt collectors employed as agents."  (*Id.* ¶ 32.)

### B.   Messerli's Motion to Dismiss

On September 2, 2014, Messerli filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Messerli's first argument is that the two state court cases filed in 2013 were commenced by Central Prairie, not by Messerli, and that Central Prairie was not a party to the February 14, 2012, settlement agreement. Messerli's second argument is that Boldon's claims are barred by res judicata.

**II.     Discussion**

On a motion to dismiss brought pursuant to Rule 12(b)(6), "a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant." *Wong v. Minn. Dep't of Human Servs.*, Civ. No. 13-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014) (Frank, J.) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

   **A.     Matters Outside the Pleadings**

Messerli submitted five exhibits in support of its motion: the February 12, 2012, settlement agreement; transcripts of two summary judgment hearings held in the state court cases filed in 2013; and the judgments entered against Boldon in those cases. (Armstrong Aff. Exs. 1-5 [Doc. No. 8].) Generally, on a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may make exceptions to this rule for "matters of public

record, orders, materials embraced by the complaint, and exhibits attached to the complaint." *Wong*, 2014 WL 4796464, at *3.

Turning to the materials submitted by Messerli, the settlement agreement is referenced extensively in the Complaint, and one of Boldon's claims is for breach of that agreement. It can fairly be said that the settlement agreement is embraced by the Complaint, and thus, the Court may consider it. The Court may also consider the state court judgments, both as matters of public record and judicial orders. The transcripts are likewise public records. *See Porous Media*, 186 F.3d at 1079 (holding specifically that a court may rely on transcripts in a prior, related case between the same parties).

### B. The Breach-of-Contract Claim

Messerli argues that Central Prairie was not a party to the February 14, 2012, settlement agreement, and that the unambiguous terms of the agreement did not provide for a release of any of Central Prairie's claims against Boldon. Thus, according to Messerli, because the state court cases were brought by Central Prairie, not Messerli, there was no breach of the settlement agreement.

The settlement agreement provides in relevant part:

> 2. In consideration of the Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Party Two [Messerli & Kramer, P.A.] releases and forever discharges Party One [Shelly Boldon], including all her past and present agents, heirs, executors, administrators, assigns, insurers, attorneys, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to Party Two, but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of actions, or suits of any

6

> kind or nature whatsoever, whether common law, equitable, statutory, based on contract or otherwise, which it now has, ever had, or may hereinafter have against Party One arising out of or in consequence of or based upon any matter or thing whatsoever from the beginning of time to the date of this agreement.

(Armstrong Aff. Ex. 1 at 2.) The release inured to and bound "the parties hereto and their respective heirs, legal representatives, successors and assigns." (*Id.* at 3.)

The Complaint alleges that "Defendant," *i.e.*, Messerli, filed the state court complaints against Boldon in 2013, seeking the payment of debts owed to Central Prairie. If the Court were to consider only the allegations of the Complaint, it would be possible to infer that Messerli initiated the actions on its own behalf, or perhaps as a successor or alter ego of Central Prairie. Under this inference, Boldon's breach-of-contract claim against Messerli could be viable. But the state court judgments and transcripts submitted by Messerli show that Central Prairie was the named plaintiff in those actions, and that Messerli was Central Prairie's attorney. (Armstrong Aff. Ex. 2 at 1, 3; Ex. 3 at 1, 2; Ex. 4 at 1; Ex. 5 at 1.)

The judgments and transcripts may not tell the whole story, however. There is a lingering question concerning the relationship between Messerli and Central Prairie. In moving to dismiss Boldon's FDCPA claims on res judicata grounds, discussed fully in Part II.C *infra*, Messerli argues that it stands in privity with Central Prairie such that Messerli may rely on the entry of Central Prairie's judgments against Boldon in state court as a bar to Boldon's claims against Messerli here.

7

> The second element, parties or privies, also has been met.
> While Messerli was not a party to the state-court actions, its
> client was a party and the issue was squarely before the court.
> *See, e.g.*, *Rucker v. Schmidt*, 768 N.W.2d 408, 412-13 (Minn.
> Ct. App. 2009) (privity requires "a person so identified in
> interest with another that he represents the same legal right";
> parties in privity include "those whose interests are
> represented by a party to the action").

(Def.'s Mem. Supp. Mot. Dismiss at 7 [Doc. No. 9].)  Ordinarily, the attorney-client relationship, alone, does not suffice to bring the attorney and client in privity for the purpose of asserting res judicata.  *See Uhr v. Responsible Hospitality Inst., Inc.*, Civ. No. 10-4945 (PJS/TNL), 2011 WL 4091866, at *12 n.15 (D. Minn. Sept. 14, 2011) (Schiltz, J.); *Rucker v. Schmidt*, 794 N.W.2d 114, 115, 121 (Minn. 2011).  Rather, "[p]rivity is essentially the concept of legal similarity—who are the parties and whether they are legally identical." *U.S. ex rel. Yankton Sioux Tribe v. Gambler's Supply, Inc.*, 925 F. Supp. 658, 664 (D.S.D. 1996).  Messerli's claim to be in privity with Central Prairie suggests that Messerli's role in the 2013 state court actions was more than just as Central Prairie's attorney.  Indeed, by asserting privity, Messerli essentially argues that it is "legally identical" to Central Prairie.  And, if true, then it is plausible that Messerli breached the settlement agreement by bringing the state court actions in Central Prairie's name against Boldon in 2013.

Relatedly, Boldon stated at the motion hearing that Messerli has not been clear or consistent in describing its relationship with Central Prairie.  Boldon said it was her understanding that Messerli signed the settlement agreement on behalf of Central Prairie

and that the release provision voided her debt obligations to Central Prairie. The Court cannot say, on the present record and in the current context, that Boldon's understanding was erroneous or would be barred by the parol evidence rule. Furthermore, neither party definitively answered the Court's question whether the federal court action filed in 2011 was related to the debts comprising the subject matter of the 2010 state court complaints. If it was, and depending upon Messerli's relationship with Central Prairie, it is possible that the debts were covered by the release.

The facts that could elevate Boldon's breach-of-contract claim into the realm of plausibility are not alleged in the present Complaint, however. The Complaint does not contain sufficient factual allegations to create an inference of a connection between Messerli and Central Prairie such that (1) Central Prairie could be considered a party to the settlement agreement, or (2) Messerli could be considered a party to the state court actions. As a pro se party, Boldon has done a commendable job of pleading her claims, but she lacks the legal acumen to investigate and set forth all of the facts that must be alleged in order to create the requisite inferences. Thus, while the Court must recommend that the breach-of-contract claim be dismissed, the Court also recommends that Boldon be given thirty days to conduct a reasonable inquiry and file an amended complaint correcting the deficiencies, if warranted.[3]

---

[3] In a letter dated October 30, 2014, this Court referred Boldon to the FBA Pro Se Project [Doc. No. 20]. The Court has learned that an attorney has agreed to assist Boldon.

### C. Res Judicata

Messerli argues that Plaintiff's claims are barred by both issue preclusion and claim preclusion. Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). This Court must "give preclusive effect to a state court judgment only if a state court sitting in the state of judgment would do so." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1066 (8th Cir. 1997). The Court therefore looks to Minnesota law to determine whether to give preclusive effect to the state court judgments. To avail itself of issue preclusion, Messerli must establish the following elements:

> (1) the issue was identical to one in a prior adjudication;
> (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.* (citing *Willems v. Comm'r of Pub. Safety*, 333 N.W.2d 619, 621 (Minn. 1983)). Implicit in this test, as universally recognized, is that "the disputed issue has actually been litigated and decided." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 939 (8th Cir. 2000) (citing *Schlichte v. Kielan*, 599 N.W.2d 185, 188 (Minn. Ct. App. 1999)).

Messerli has failed to identify an issue that was actually litigated and decided in the state court actions that is identical to an issue founding Boldon's breach-of-contract

or FDCPA claims.  Nor has Messerli provided the state court complaints or summary judgment orders from which the Court could ascertain the issues actually litigated and decided.  Moreover, although Messerli claims to be in privity with Central Prairie, it has not provided any evidentiary support for its claim.  The existence of an attorney-client relationship, alone, does not suffice.  *See Uhr*, 2011 WL 4091866, at *12 n.15; *Rucker*, 794 N.W.2d at 115, 121.  Accordingly, issue preclusion does not bar the litigation of Boldon's claims here.

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Plough*, 70 F.3d at 515 (quoting *Allen*, 449 U.S. at 94).  Claim preclusion requires "(1) a final adjudication on the merits; (2) a subsequent suit involving the same cause of action; and (3) identical parties or persons in privity with the original parties." *G.A.W., III v. D.M.W.*, 596 N.W.2d 284, 287 (Minn. Ct. App. 1999).  Messerli's res judicata argument fails for at least two reasons.  First, the causes of action in the state court cases and this case are not the same.  Second, as discussed above, Messerli has not established privity with Central Prairie.  Therefore, claim preclusion does not bar Boldon's claims.

### D.     FDCPA Claims

At the hearing, Messerli argued for the first time that the FDCPA claims fail on the merits.  The Complaint alleges that Messerli violated the FDCPA by (1) filing the state court actions in an attempt to collect two debts that had been discharged;

11

(2) performing credit inquiries on January 9, 2013, and April 19, 2013, despite having no new claim against Boldon; (3) contacting Boldon directly on August 28, 2013, despite knowing she was represented by an attorney; and (4) failing to comply with levy and garnishment procedures.  Boldon contends Messerli committed these actions in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

Section 1692e prohibits a debt collector from making false or misleading representations "in connection with the collection of any debt."  15 U.S.C. § 1692e.  Subsection 5 bars a "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  Subsection 10 bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Subsection 1 bars "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

The Court begins with the allegation that Messerli violated the FDCPA by filing the state court actions in an attempt to collect two debts that had been discharged.  Under § 1692e(5), a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  This prohibition applies to collection efforts attempted through litigation.  *Brewer v. LVNV Funding, LLC*, No.

4:14CV00942 AGF, 2014 WL 5420274, at *1 (E.D. Mo. Oct. 22, 2014) (citing *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012)). In *Hemmingsen*, the Eighth Circuit recognized that "the FDCPA applies to a lawyer who regularly collects consumer debts through litigation." 674 F.3d at 817-18 (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)). The FDCPA claims in that case were based on a lawyer's drafting and filing a summary judgment motion in state court on behalf of its client. *Id.* at 817.[4]

Boldon alleges that the filing of the state-court collection actions "constitute actions Defendant is not legally able to take," due to the release provision of the settlement agreement. (Compl. ¶ 29.) As with Boldon's breach-of-contract claim, the Complaint fails allege a connection between Messerli and Central Prairie so that Messerli's filing of the collection actions on behalf of its client Central Prairie could be construed as an action that Messerli was prohibited from taking by the release provision. It is also conceivable that Boldon could state a claim based on Messerli's actions performed directly as Central Prairie's attorney, that is, not as Central Prairie's privy, agent, or alter ego. Thus, while the Complaint as presently worded fails to state a claim for a violation of the FDCPA based on Messerli's filing of the state court complaints, it is not a foregone conclusion that Boldon would not be able to state a viable claim based on Messerli's conduct—either as Central Prairie's attorney or through its relationship with

---

[4] Ultimately, the *Hemmingsen* court found that the defendant should have been awarded summary judgment because the plaintiff failed to produce evidence of intentional fraud and deceit, *id.* at 820, but the sufficiency of Boldon's evidence is not currently at stake. Thus, the holding of *Hemmingsen* is not dispositive here.

13

Central Prairie—in the state court cases. Consequently, the Court recommends that this claim, too, should be dismissed, but with leave to replead.

Boldon's next allegation is that Messerli violated the FDCPA by performing credit inquiries on January 9, 2013, and April 19, 2013, despite having no new claim against her. Obtaining a consumer credit report without a permissible purpose may provide the basis for a Fair Credit Reporting Act (FCRA) claim, *see* 15 U.S.C. §1681n(b), and Boldon should be permitted an opportunity to plead the correct legal basis for her potentially viable claim. The claim as currently pleaded, however, should be dismissed.

Boldon's third FDCPA claim is that Messerli contacted her directly on August 28, 2013, despite knowing she was represented by an attorney. This conduct potentially violated the FDCPA, but not under any of the sections pleaded in the Complaint. Section 1692c, not sections 1692e or 1692f, prohibits a debt collector from communicating directly with the consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt" and knows the attorney's name and address. 15 U.S.C. § 1692c(a)(2). Although the claim should be dismissed, Boldon should be allowed to correct her mistake in an amended pleading if upon review of the facts and circumstances with pro se counsel, she believes the facts support such a claim pleaded under the correct section.

Finally, with respect to the levy and garnishment claim, Boldon has not alleged any particular facts in the Complaint regarding this cause of action. Although Boldon did explain the factual basis for her claim in her response to the motion to

14

dismiss, such facts must be pleaded in the Complaint itself. Boldon's reference in her response to various Minnesota levy, garnishment, and collection statutes is likewise insufficient. Consequently, the levy and garnishment claim should be dismissed, with leave to replead if warranted.

### E.     Respondeat Superior

Boldon alleges no specific facts to support her claim for respondeat superior liability against Messerli, based on the actions of "other debt collectors employed as agents." (Compl. ¶ 32.) The only possible "other debt collector" identified in the Complaint is Central Prairie. It is possible "that vicarious liability may attach in the context of an attorney-client relationship where both the attorney and client are debt collectors." *See Racek v. Gurstel Chargo, P.A.*, No. 12-cv-380 (DWF/SER), 2013 WL 4838900, at *5 (D. Minn. Sept. 11, 2013) (Frank, J.) (citing *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508 (S.D.N.Y. Mar. 22, 2013)). But in both *Racek* and *Okyere*, the plaintiff was seeking to hold a debt collection company liable for its attorney's actions, not the reverse. *See Racek*, 2013 WL 4838900, at *5; *Okyere*, 961 F. Supp. 2d at 515-16. Consequently, Boldon has not stated a claim for respondeat superior liability against Messerli. If, after making a reasonable inquiry, she can plead allegations to support the theory that Messerli could be vicariously liable for Central Prairie's conduct, or the conduct of some other agent or debt collector, she should be allowed to do so.

**III.    Recommendation**

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Defendant Messerli & Kramer, P.A.'s Motion to Dismiss [Doc. No. 7] be **GRANTED**, but that Plaintiff Shelly Boldon be given thirty days from the date of the District Court's order on the Motion to Dismiss to file an amended complaint; and

2.     If Plaintiff Shelly Boldon does not file an amended complaint within the thirty-day period, all claims be dismissed with prejudice and judgment entered accordingly.

Dated: November 14, 2014         s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 1, 2014** a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A district judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Eighth Circuit Court of Appeals.