**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Shelly Boldon,

Plaintiff,

v.

Messerli & Kramer, P.A.,

Defendant.

Civil No. 14-2035 (DWF/HB)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant Messerli & Kramer P.A.'s ("Defendant") objections (Doc. No. 35) to Magistrate Judge Hildy Bowbeer's November 14, 2014 Report and Recommendation ("R&R") (Doc. No. 21) insofar as it recommends that Defendant's Motion to Dismiss be granted, but that Plaintiff Shelly Boldon ("Plaintiff") be given thirty days from the date of the District Court's order on the Motion to Dismiss to file an amended complaint. Plaintiff filed a response to Defendant's objections on February 6, 2015. (Doc. No. 37.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Defendant's objections.

In the R&R, Magistrate Judge Bowbeer first recommended that the breach-of-contract claim be dismissed, but also recommended that Plaintiff be given thirty

days to conduct a reasonable inquiry and to file an amended complaint correcting certain deficiencies, if warranted. (Doc. No. 21 at 6-9.) For example, Magistrate Judge Bowbeer identified certain factual issues, such as the unclear relationship between Defendant and Central Prairie Finance, LLC ("Central Prairie"), which, if properly added to an amended complaint, could support Plaintiff's claims. (*Id.*) Second, Magistrate Judge Bowbeer concluded that claim preclusion does not bar Plaintiff's claims. (*Id.* at 10-11.) Third, Magistrate Judge Bowbeer found that if appropriately alleged, Plaintiff could potentially state a claim under the Fair Debt Collection Practices Act ("FDCPA") and therefore recommended that the claim also be dismissed, but with leave to amend. (*Id.* at 11-15.) Finally, Magistrate Judge Bowbeer concluded that Plaintiff had failed to state a claim for respondeat superior liability, but again gave Plaintiff leave to attempt to plead allegations supporting that theory. (*Id.* at 15.)

Defendant objects to the R&R to the extent it grants Plaintiff leave to file an amended complaint. (*See generally* Doc. No. 35.) Defendant further objects to those findings in the R&R upon which Magistrate Judge Bowbeer necessarily relied in arriving at the recommendation that Plaintiff could amend her complaint. (*Id.*) Specifically, Defendant argues that Plaintiff's claims are barred by the "unambiguous terms" of the Settlement Agreement, which Defendant asserts is not susceptible to more than one meaning. (*Id.*) Thus, according to Defendant, in light of a proper understanding of the Settlement Agreement, no amendment to the complaint could allow Plaintiff to adequately state a claim. (*Id.*) Defendant further asserts that the additional factual allegations that

Magistrate Judge Bowbeer found might support Plaintiff's claims would actually compel a finding of *res judicata*. (*Id.* at 5-6.) Put another way, Defendant argues that the R&R fails to "consider the cumulative effect of the defenses asserted in [Defendant's] motion to dismiss." (*Id.* at 6.)

The Court disagrees. As Magistrate Judge Bowbeer found, there are a number of facts that, if alleged, could allow Plaintiff to adequately state claims. For example, the record supports Magistrate Judge Bowbeer's conclusion that there is a "lingering question concerning the relationship between Messerli and Central Prairie." (Doc. No. 21.) For instance, documents show that Messerli was Central Prairie's attorney in certain actions. (*Id.*) In sum, the Court concludes that Magistrate Judge Bowbeer's recommendation that Plaintiff be given leave to amend the complaint, if warranted, is sound in light of the record before the Court, including Plaintiff's *pro se* status at the time of the present motion to dismiss.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Messerli & Kramer P.A.'s objections (Doc. No. [35]) to Magistrate Judge Hildy Bowbeer's November 14, 2014 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Hildy Bowbeer's November 14, 2014 Report and Recommendation (Doc. No. [21]) is **ADOPTED**.

3. Defendant Messerli & Kramer, P.A.'s Motion to Dismiss (Doc. No. [7]) is **GRANTED**, but Plaintiff Shelly Boldon is given thirty days from the date of this Order to file an amended complaint.

4. If Plaintiff Shelly Boldon does not file an amended complaint within the thirty-day period, all claims shall be dismissed with prejudice and judgment will be entered accordingly.

Dated: March 17, 2015

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge